IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03127-BNB

KYLE LEE HOUSTON, a/k/a Deli hue III,

     Applicant,

v.

RICKY RAEMISCH, and
JOHN SUTHERS, Attorney General of the State of Colorado,

     Respondents.

---

ORDER DIRECTING APPLICANT TO FILE SECOND AMENDED PLEADING

---

Applicant, Kyle Lee Houston, initiated this action by filing *pro se* a Petition Under

28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1).

On November 29, 2013, Mr. Houston filed an amended habeas corpus application

pursuant to 28 U.S.C. § 2254 on the court-approved form (ECF No. 4).  The court must

construe the amended application liberally because Mr. Houston is not represented by

an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a

*pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Houston

will be ordered to file a second amended application if he wishes to pursue any claims in

this action.

Mr. Houston's claims in the amended application are incomprehensible.

Although Mr. Houston indicates that he is challenging the validity of his conviction or

sentence in Denver District Court case number 92CR688, it is not clear why Mr.

Houston believes he is entitled to habeas corpus relief in federal court.  It also is not clear whether Mr. Houston's claims in this habeas corpus action properly are asserted pursuant to 28 U.S.C. § 2254 or 28 U.S.C. § 2241.  If Mr. Houston seeks to challenge the validity of a state court conviction or sentence, his claims properly are asserted pursuant to § 2254.  *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).  If Mr. Houston is not challenging the validity of a state court conviction or sentence and, instead, seeks to challenge the execution of a state sentence, his claims properly are asserted pursuant to § 2241.  *See id.*

Mr. Houston must provide a clear statement of his claims in order for the court and Respondents to address them.  Therefore, Mr. Houston will be ordered to file a second amended application.  Mr. Houston should determine the appropriate statutory authority for his claims and file one pleading on the proper form asserting those claims. Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, which apply even if Mr. Houston is challenging the execution of his sentence pursuant to § 2241, he must identify the specific federal constitutional claims he is asserting and he must provide specific factual allegations in support of each asserted claim.  Furthermore, these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading.  *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).  "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'"  *Id.* at 656 (quoting 28 U.S.C. § 2243).  Naked allegations of constitutional violations are not cognizable in a habeas corpus action.  *See Ruark v.*

*Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).  Accordingly, it is

ORDERED that Mr. Houston file a second amended application that complies

with this order **within thirty (30) days from the date of this order**.  It is

FURTHER ORDERED that Mr. Houston shall obtain the appropriate court-

approved habeas corpus application form, along with the applicable instructions, at

www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. Houston fails to file a second amended

application that complies with this order within the time allowed, the action will be

dismissed without further notice.

DATED December 3, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge