IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03127-BNB

KYLE LEE HOUSTON, a/k/a Deli Hue III,

    Applicant,

v.

RICKY RAEMISCH, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Kyle Lee Houston, initiated this action by filing *pro se* a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1). On November 29, 2013, Mr. Houston filed on the proper form an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 4) purportedly challenging the validity of his conviction or sentence in Denver District Court case number 92CR688.

    On December 3, 2013, Magistrate Judge Boyd N. Boland ordered Mr. Houston to file a second amended application that clarifies the claims he is asserting because the amended application is incomprehensible and it was not clear whether Mr. Houston was challenging the validity of a state court conviction and sentence or whether he was challenging the execution of a state sentence. Magistrate Judge Boland instructed Mr. Houston that he must identify the specific federal constitutional claims he is asserting and provide specific factual allegations in support of each asserted claim. Magistrate

Judge Boland advised Mr. Houston that the pleading rules applicable to a habeas corpus action are more demanding than the rules applicable to ordinary civil actions, *see Mayle v. Felix*, 545 U.S. 644, 655 (2005), and that naked allegations of constitutional violations are not cognizable in a habeas corpus action, *see Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).  On December 11, 2013, Mr. Houston filed a second amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 6).

The Court must construe the second amended application liberally because Mr. Houston is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action.

The Court has reviewed the second amended application and finds that Mr. Houston still fails to provide a clear statement of any federal constitutional claims.  Mr. Houston again asserts that he is challenging the validity of his conviction or sentence in Denver District Court case number 92CR688.  However, he fails to provide a clear statement of any claims showing that he is entitled to relief in this action.  In short, Mr. Houston fails to identify the federal constitutional rights that allegedly have been violated and he fails to allege specific facts in support of whatever claims he may be asserting.

Furthermore, even assuming Mr. Houston does intend to assert claims challenging the validity of his conviction or sentence in Denver District Court case number 92CR688, the Court lacks jurisdiction to consider those claims.  Mr. Houston

previously filed a habeas corpus action pursuant to § 2254 in the District of Colorado challenging the validity of the prison sentence imposed in Denver District Court case number 92CR688 that was dismissed as barred by the one-year limitation period. *See Houston v. Milyard*, No. 08-cv-01508-ZLW (D. Colo. Oct. 16, 2008), *appeal dismissed*, 323 F. App'x 665 (10th Cir. 2009). There is no indication that Mr. Houston has obtained authorization to file a second or successive application challenging the validity of that conviction and sentence or that the claims he asserts could be raised in a second or successive application. *See* 28 U.S.C. § 2244(b)(2). Therefore, the Court lacks jurisdiction to consider the merits of any claims Mr. Houston may intend to raise challenging the validity of his conviction or sentence in Denver District Court case number 92CR688. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam) (noting that district courts lack jurisdiction to consider the merits of claims asserted in a second or successive § 2254 application absent prior authorization from the appropriate court of appeals pursuant to 28 U.S.C. § 2244(b)(3)).

In summary, the instant action will be dismissed because Mr. Houston fails to assert clearly any violations of his federal constitutional rights and the Court lacks jurisdiction to consider any claims challenging the validity of his conviction or sentence in Denver District Court case number 92CR688. Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit

within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1), the amended application (ECF No. 4), and the second amended application (ECF No. 6) are denied and the action is dismissed without prejudice for the reasons specified in this order.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  16th  day of    January    , 2014.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court